JACOB F. DODGE and ARAUNAH WATERMAN *vs.* RUFUS KENDALL. WASHINGTON, *March,* 1831.

A party cannot complain of surprise, as a ground for a new trial, because a witness was introduced by the adverse party to prove what was directly put in issue by the pleadings.

When a witness, who had become recognised for the prosecution of the suit, is introduced by the plaintiff, and is admitted without objection, the defendant will not afterwards be entitled to a new trial on the ground of the incompetency of the witness. The objection should be taken at the trial, when the witness can be rendered competent by substituting other bail, or be rejected.

A new trial will not be granted for new discovered evidence, unless such evidence make a clear case, and not be merely cumulative, leaving the question still doubtful, and only giving the party a chance before another jury.

The Court must be satisfied that injustice has been done between the parties before a new trial will be granted.

Neither will the Court grant a new trial when it is apparent it will not avail the petitioner.

This was a petition to the Court for a new trial in a cause in which the petitioners were defendants, and the petitionee was plaintiff. The grounds of the application were, 1st. new discovered evidence; 2d. surprise, and 3d. that one of the plaintiff's witnesses in the original suit was incompetent by reason of interest. It appeared the original action was on a jail bond, and that the only issue put to the jury was, whether *Dodge*, the principal debtor, had committed an escape between the 30th day of November, 1819, and the 29th day of May, 1820. To prove this issue one Moses Peck was called as a witness, who testified that he saw *Dodge* in Middlesex, out of the limits, within the times aforesaid. The defendants then offered four witnesses, who testified that said Peck's character for truth and veracity was below par, and he was not to be believed. The petition further stated that the plaintiff, *Kendall*, being unable to support said Peck, called on Mr. Upham, his counsel, (who had become recognised for the prosecution of the suit,) who testified, in substance, that within the time specified in the pleadings, he made a writ in favor of *Dodge*, against a Mr. Dixon, of New-Hampshire; that *Dodge* told him he was going himself to try to secure his debt, and afterwards told him he had been; that Mr. Upham not having been a witness previously in the cause to this point, and the defendants having no notice that he was to be offered as a witness, they were at that time unable to prove the negative. The new evidence, alleged to have been discovered since the trial, tended to show that Mr. Upham must have been mistaken. Harry Richardson testified in an affidavit filed by the petitioner, that he, Richardson, was employed by *Dodge* to secure the debt against Dixon; that he took the writ

WASHINGTON, March, 1831.

Dodge et at.
*vs.*
Kendall.

made by Upham, went, and transacted the whole business; and that *Dodge* did not go. The affidavit of Noah Dodge tended to prove that *Dodge*, the petitioner, did not go to New Hampshire, but that Harry Richardson went, &c. It appeared by the affidavit of John Howe, that he was one of the jury who tried said cause, and that the verdict was founded upon the testimony of Mr. Upham. *Dodge*, one of the petitioners, stated in his affidavit, that he did not transact the business testified to by Mr. Upham, that he had no recollection of leaving the liberties of the jail yard previous to the first day of June, 1820, and that he was surprised by Mr. Upham's testimony, &c.

*Mr. Merrill, for the petitioner.*—As the case stands, it is obvious that the verdict is wrong; that injustice has been done. The facts stated in the petition and affidavit of Mr. *Dodge*, shew that instead of the defendants being guilty of any neglect or laches, in not procuring the testimony at the trial, they could not have anticipated the testimony of Mr Upham. Mr. Upham, although he had been a witness at the former trial, did not testify in relation to the escape; but this testimony was reserved for the final trial. The defendants, therefore, can say with great truth that his testimony was a surprise upon them. Indeed, the nature of the case, arising from the pleadings, is such, that it would be *impracticable* for the defendants to be prepared with testimony to meet such circumstantial evidence as might be in the power of the plaintiff to produce. The question was whether *Dodge* escaped between the 30th of November, and the first day of June? Now, it is apparent that the defendant could not come prepared with evidence to negative an escape every day during that time. They discovered that Peck was relied on, and they came prepared to meet him, &c.; but they had no reason to suppose there was other testimony.

As the granting of new trials " depends on the *legal discretion* of the Court, guided by the *nature* and *circumstances* of the particular case," it may be deemed unnecessary to refer to authorities; yet the defendants cannot forbear to remark that this case comes clearly within those fundamental rules which have been established upon this subject. " A general verdict can only be set right by a new trial which is no more than having the cause more deliberately considered by another jury, when there is a *reasonable doubt*, or perhaps a *certainty* that justice has not been done." " The parties may be surprised by a case *falsely made* at the trial, *which*

WASHINGTON,
*March,*
1831.

Dodge et al.
*vs.*
Kendall.

*they had no reason to expect,* and, therefore, could not come prepared to answer."—1 *Sellon,* 482–3. " When a new trial was prayed for on the ground that material evidence had come to the knowledge of the petitioner since the trial, and the petitioner had been in no fault, the court ordered a new trial."--*Inhab. of Stock.* vs. *West Stock.* 13 *Mass.* 681. " If a material witness testify on the trial who is interested in favor of the party producing him, and the interest be known at the time to the party producing the witness, but not known to the other party, it will be a good cause for a new trial."—*Niles* vs. *Brackett,* 15 *Mass.* 378.

It appears from the affidavit of *Dodge,* that Mr. Upham was incompetent on the ground of interest—but this fact was unknown to the defendants until after the trial. " In a suit against C & B, C was present at the trial, but did know that F, who was a witness at the trial, *knew of other material facts.* But B, who was not present at the trial, knew before trial that F knew said facts; yet a new trial was granted."—*Jackson* vs. *Laird,* 8 *Johns. Rep.* 489 ; *(Johns. Dig.* 347.) In *Blake* vs. *Howe,* (1 *Aikens,* 310,) the Court say, " Now the defendant ought not only to shew a surprise, but that he can make an equitable defence to the action." In the present case, both these points are clearly proved. So careful has the Supreme Court in this state been to prevent any injury to parties by *surprise,* that in *Starkweather* vs. *Loomis,* (2 *Vt. Rep.* 573,) the court say they " will grant a new trial as for surprise, when the evidence has been excluded, which was offered in reliance upon a reported case."

*Upham and Keith, for petitionee.*—1. The petitioners,we insist, upon their own proof, are not entitled to a *new trial.* The books inform us that a new trial is usually granted for some erroneous decision made upon the trial, such as the admission of improper evidence, the rejection of proper evidence, or the mis-direction of the judge to the jury. It is, however, sometimes granted upon the discovery of *new* and *material* evidence since the trial ; but it must be such as the party could not with diligence have discovered before the trial. New trials are never granted for the default, omission, or negligence, of the parties, their counsel, or attornies, in not discovering and coming prepared with all the evidence in their power. If it has been made to appear that the *newly* discovered evidence might with proper diligence have been discovered and produced at the former trial, a new trial will be refused ; for diligence is said to be the life of the law. *Vigilan-*

5

WASHINGTON, *tibus et non dormientibus jura subveniunt.—Vide* 2 *Tidd's*
March,
1831.      *Prae.* 816 ; 1 *Sw. D.* 787 ; 1 *T. R.* 84; 2 *Ib.* 113 ; 2 *Salk.*

Dodge et al.   644 ; 6 *Mod.* 22 ; 1 *Bl. R.* 298; 2 *Ib.* 802 ; 3 *Caines's R.*
vs.
Kendall.    307 ; *Peake's Ev.* 194 ; 1 *Mass.* 237. The *new* discovered evidence presented by the petitioners, tends only to show that *Jacob F. Dodge* did not at one time go to New-Hampshire after Dickson, but procured Harry Richardson to go : this does not contradict the testimony of Mr. Upham ; for *Dodge* might have gone at another time.

2. The testimony of the petitioners, that they did not know that Mr. Upham was recognised to the defendants for costs, cannot avail them upon their petition for a new trial. 1. Because, Mr. Upham was their witness. 2. Because, we say, they knew the fact at the time of trial.

3. Courts will not grant new trials when substantial justice has been done by the verdict ; nor unless the petitioners show sufficient *new evidence* to convince the Court that a jury would give a different verdict.—*Cogswell* vs. *Brown,* 1 *Mass.* 237 ; 2 *Salk.* 644.

4. When the evidence offered is merely cumulative the Courts will not grant a new trial.—1 *Sw. Dig.* 787.

5. When the testimony goes merely to impeach the credit of a former witness, a *new trial* will be denied.—*Halsey* vs. *Watson,* 1 *Caines's T. R.* 24 ; *Bunn* vs. *Hoyt,* 3 *J. R.* 255 ; 4 *Ib.* 425 ; 5 *Ib.* 248. Where a party, after the trial of a cause, comes to the knowledge of facts, which would have had a tendency merely to discredit a material witness of the adverse party, it is no good cause for a *new trial.—Commonwealth* vs. *Drew,* 4 *Mass.* 391 ; *Same* vs. *Waite,* 5 *Ib.* 261 ; *Hammond'* vs. *Wadhams, Ib.* 353 ; *Jackson* vs. *Kinney,* 14 *J. R.* 186.

6. The escape was a fact for the jury to find ; and the jury having found that fact, we cannot believe that this Court will interfere with their prerogative, unless they are furnished with conclusive evidence, that the fact of the escape did not exist. Every application for a *new trial* is addressed to the sound discretion of the Court ; and in granting or refusing of which the Court exercise a discretionary power, according to the exigency of the case, upon principles of substantial justice and equity.—*Stark. Ev.* 435 ; *Myers* vs. *Brownell,* 2 *Aikens's R.* 407–9.

WILLIAMS, J.—On this petition for a new trial in a case wherein *Kendall* was plaintiff and *Dodge & Waterman* defendants,

these grounds are urged as a reason for granting the prayer of the petition. First, Surprise; Second, That one of the witnesses called on by the plaintiff was incompetent from interest; and Third, New discovered evidence.

It appears that on the trial the issue joined between the parties was, whether *Dodge* had left the liberties of the jail yard between the 30th November, 1819, and 29th May, 1820, he having obtained an act of suspension at the session of the legislature in 1819. It appears that the fact of the escape was sworn to directly by one Peck, whose general character was impeached; that Mr. Upham was then called, who swore to a transaction between him and *Dodge*, and a conversation also in relation to that transaction, which tended to show an escape by *Dodge*, at a different time from that testified to by Peck, but within the issue. The surprise complained of was in the testimony of Mr. Upham. He was the witness who it is said was incompetent, he having been recognised for the prosecution of the suit in favor of *Kendall*, against these petitioners; and the new discovered testimony is to shew that he was mistaken. There are many reasons why the prayer of this petition cannot be granted. The parties must have come prepared to meet the question presented by the issue, and cannot complain of surprise because a witness was introduced directly to prove that which was directly put in issue. It does not appear that any request was made to the court to postpone the trial after Mr. Upham had testified. The petitioners took their chance for a verdict upon the testimony as offered.

2. The interest of Mr. Upham appeared from the writ, which was then present, or from the records; and the objection should have been taken at the trial when the witness might have been rendered competent by substituting other bail, or would have been rejected.

3. As to new discovered evidence, the general rules in relation to granting new trials for this cause, have been repeatedly settled, and among others, that it must make a clear case, and not be merely cumulative, leaving the question still doubtful, and only giving the party a chance before another jury. Mr. Upham's testimony was to a conversation between him and *Dodge*, and the new discovered evidence tends to show that the impression which Mr. Upham had from that conversation, was incorrect.

But if Upham's testimony was entirely laid aside, we cannot say from the case, as it now appears, that the verdict would have been the other way. The testimony of Peck was direct and positive;

WASHINGTON and though he was impeached as to his general character, he
March, might still gain belief. He is not even contradicted by any tes-
1831.
timony or affidavits here produced. His testimony, in connexion
Dodge et al. with the fact, that the act of suspension was passed in November,
vs. 1819, when there was no doubt of the validity of such acts, and
Kendall.
the improbability of *Dodge's* remaining in the limits when he sup-
posed he was under no legal obligation so to do, would be very
likely to prove the issue on another trial. Further; we must be
satisfied that injustice has been done between the parties before
we should grant a new trial. It is not pretended but that the con-
dition of the jail bond has been broken. The only question is
whether it has been done within the time specified in the plea.
We should not be disposed to grant a new trial merely to litigate
that point if we had reason to believe that by an alteration of the
pleadings the plaintiff would be entitled to recover. Furthermore;
in neither of the affidavits of *Dodge* which have been filed does
he either deny the fact of his having broken the bonds, or
of his having broken them within the time stated in the plead-
ings. If he had remained within the limits for so long a
time, he must have been certain of that fact, or, at least, he
could have sworn to his belief of it. On the contrary, he only
swears that he does not know how long after the act of suspension
was passed before he left the limits; nor can he certainly say
whether he left them before the first day of June. It is further
uncertain, from the affidavits, by whom Mr. Upham was called as
a witness, whether by plaintiff or defendant. There is no suffi-
cient reason for granting the new trial in this case.

The petition must, therefore, be dismissed with cost.