CITY OF MINNEAPOLIS *vs.* MARY J. WILKIN.   (1st Case.)

January 10, 1883.

**Constitution—Taking of Private Property for Public Park.**—Chapter 10 of the charter of the city of Minneapolis, (Sp. Laws 1881, c. 76,) providing for the condemnation of private property for the public purposes of the city, considered, and *held* constitutional.

**Irregularities in Making Award—Written Waiver by Land-Owner.**— In case of an appeal by the land-owner to the district court from the action of the city council confirming the award or assessment of his damages, it is competent for him to stipulate that his damages may be reassessed by only two of the three commissioners appointed by the court for that purpose, and, in such case, the report of the two will be valid.

On the petition of the relator, Mary J. Wilkin, a writ of *certiorari* was issued from this court, directed to the district court for Hennepin county.

From the return to the writ, it appears that on May 4, 1882, the common council of the city of Minneapolis appointed commissioners to appraise and condemn so much of block 4 in Harmon's addition to Minneapolis as lies between Hawthorne and Linden avenues and Twelfth and Thirteenth streets, for the purposes of a public park. On June 21, 1882, the commissioners made their report to the common council, in which they awarded to relator $12,292.50 as compensation for the taking of land belonging to her, and which report

was confirmed on August 2, 1882. Relator having appealed to the district court, and the only objection raised being the inadequacy of the compensation, the court appointed three commissioners to reappraise the land. Two of the commissioners met on November 2, 1882, and, upon relator and respondent entering into a written stipulation waiving the appearance of the third, proceeded to reappraise the land and assessed relator's damages at $13,500. On the presentation of this award to the district court, the relator objected to its confirmation, for the reasons mentioned in the opinion. The objections were overruled and the award confirmed by the court, *Lochren*, J., presiding, and thereupon this writ was sued out.

. *Merrick & Merrick*, for relator.

*E. M. Wilson*, for respondent.

MITCHELL, J.* Proceedings were instituted by the city of Minneapolis, under chapter 10 of the city charter, (Sp. Laws 1881, c. 76,) for the appropriation and condemnation of relator's land for the purposes of a public park. The report of the commissioners appointed to assess her damages having been confirmed by the city council, she appealed to the district court, who, having confirmed the proceedings in other respects, appointed three disinterested freeholders, residents of the city, to reappraise her damages. Only two of these commissioners having appeared and qualified at the time and place fixed by the court for their meeting, the parties stipulated in writing that these two might proceed and assess appellant's damages and report the same to the court, and that such proceedings should have the same force and effect as if all three commissioners had qualified and acted. Thereupon the two proceeded and acted, and made their report to the court, which, against the objection of appellant, was confirmed. These proceedings are now brought here for review on *certiorari*. No question is raised here as to the regularity in form of the proceedings before the city council, and hence it will only be necessary to consider those in the district court after the matter was brought there on appeal. The grounds upon which relator claims that the proceedings should be set aside are substantially three : (1)

*Gilfillan, C. J., because of illness, took no part in this case.

That the report of the commissioners is void, because only two acted; (2) that the act under which these proceedings were had is unconstitutional; (3) that improper evidence was received by the commissioners, and that their report is against the evidence.

1. The provision of the statute requiring the appointment of three commissioners is not one that goes to the jurisdiction of the court over the subject-matter, but is one for the benefit of the land-owner. He may waive any such statutory or constitutional provision made for his benefit.   So far as the proceedings are *in invitum*, the statute must be strictly complied with; but the court having jurisdiction of the subject-matter, and the appeal being regularly pending, it was entirely competent for the relator to waive the statutory tribunal, and consent to an assessment of her damages by two commissioners or any other tribunal she saw fit.   Had the law given her the right to a jury, she could have waived it and consented to an assessment by the court or a referee.   Dillon on Mun. Corp. § 618, (§ 482;) *Buel* v. *Trustees of Lockport,* 3 N. Y. 197.

2. The constitutionality of the law under which these proceedings were had is attacked on various grounds.   The first is that it deprives the land-owner of the right to have his damages assessed by a jury, and fails to provide another impartial tribunal in its place. That in such proceedings the land-owner is not entitled to have his damages assessed by a jury is settled by the case of *Ames* v. *Lake Superior & Mississippi R. Co.,* 21 Minn. 241.   The only objection made to the tribunal provided by this act is that it is not impartial, because composed of freeholders, and hence, presumably, tax-payers of the city.   It is competent for the legislature to provide that where the interest of a person is merely that of a corporator or tax-payer of a municipal corporation, it shall constitute no disqualification as juror, judge, or commissioner in a case where the corporation is a party.   This does not infringe upon the constitutional right of a party to an impartial tribunal to hear his cause.   Public policy and the necessities of the case require that this should be so.   The ground upon which such rulings is usually placed is that such an interest is so remote, indirect, and slight that it may be fairly supposed to be incapable of affecting the judgment or influencing the

conduct. *McClure* v. *City of Red Wing*, 28 Minn. 186; Cooley on Const. Lim. *412. The charter of the city does not expressly declare that such an interest shall not disqualify a person from acting as commissioner in cases like the present; but this is necessarily implied from the fact that it authorizes the appointment of freeholders, residents of the city.

This statute is further claimed to be unconstitutional because it does not provide for a judicial investigation according to law, in that it makes no provision for compelling the attendance of witnesses, or for examining them under oath, or for preserving the evidence or a record of the proceedings before the commission, so that they may be reviewed by the court. We think this objection is based mainly upon a false assumption of facts. Although the commission does not hear the matter before the bar of the court, yet it is a judicial proceeding in court, and the subpœna of the court can compel the attendance of witnesses if desired. Every clerk of a court of record may issue subpœnas for witnesses in all civil cases pending before the court, or before any arbitrators *or other persons* authorized to examine witnesses. Gen. St. 1878, *c.* 73, § 1. All commissioners, referees, and committees of persons appointed by any court, are authorized to administer oaths necessary to be taken for the establishment of any fact, or the furtherance of justice in any matter coming before them for investigation. Gen. St. 1878, *c.* 72, § 3.

While it may be true that this statute does not provide any machinery by which a "case" or "bill of exceptions" can be made up and made part of the record, as in ordinary actions tried before the bar of the court, yet we apprehend the theory of the law is that the commissioners in these cases, in receiving the proofs of the parties, ought to be guided by established rules of evidence; and while a court would not set aside their report for every technical error, yet if it should be made to appear that they grossly violated these rules of evidence, to the manifest prejudice of a party, and had entirely misapprehended the principles upon which they were to make their assessment, we have no doubt that this would be good cause, under the statute, for setting aside their award, and recommitting the matter to the same

or a new board of commissioners, and that the court would have a right to inquire into such matters, in order to determine whether the award ought to be set aside. And while there is no provision for bringing these matters before the court upon a settled "case" or "bill of exceptions,' yet we see no reason why it may not be done by affidavits, as in this case. When this is done, we think the court has a right to look into these matters, in order to determine whether or not there is good cause for ordering a reassessment. *Troy & Boston R. Co.* v. *Northern Turnpike Co.*, 16 Barb. 100; *Hannibal Bridge Co.* v. *Schaubacker*, 49 Mo. 555; Mills on Em. Dom. § 232.

The last constitutional objection made to this statute is that it denies the land-owner the right of appeal to the supreme court. Independently of any express constitutional guaranty, a person has no constitutional right to have his case reviewed on appeal. The right of appeal is purely statutory, and does not exist when not given by statute. Indeed, it has been held that an existing right of appeal may be taken away by repeal of the statute, even as to causes previously appealed. *Ex parte McCardle*, 7 Wall. 506. To deny a party a right of appeal is not in conflict with section 2, article 6, of the constitution of the state; at least where, as in this case, the right of review on a writ of *certiorari* exists. *Tierney* v. *Dodge*, 9 Minn. 153, (166.)

3. The relator further claims that the award is against the evidence, and that improper evidence was admitted by the commissioners. We have carefully examined the evidence as before us, and, without now deciding how far we have a right to look into it, we would say that in our judgment the award is amply sustained by it. Only two objections were really made to the reception of any of the evidence by the commissioners, neither of which, in our judgment, was well taken. Some incompetent and immaterial evidence seems to have been received, but without objection. The relator cannot complain that the witnesses were not examined under oath. She herself inaugurated the practice, and the respondent but followed her example without objection. There is nothing in the point that the report does not show as of what date the land was appraised. The

report being silent, the presumption is that the commissioners adopted the correct date.    *Whitacre* v. *St. Paul & Sioux City R. Co.,* 24 Minn. 311.

The proceedings are affirmed.