THE CHICAGO, KANSAS & NEBRASKA RAILWAY COM-
PANY v. KATE GRIESSER *et al.*

1. CONDEMNATION PROCEEDINGS—*Notice to Occupant of Land.* The writ-
ten notice to the actual occupant of land, a part of which is con-
demned for railroad purposes, required by ¶ 1209, General Statutes
of 1889, is not part of the condemnation proceedings, and the fail-
ure to give that notice does not invalidate such proceedings. The
railroad company that fails to give such a notice before commencing
the construction of its line of road over the land actually occupied
is liable to all damages occasioned by its failure to do so.

2. COMMISSIONERS, *Qualifications of.* The fact that the record of the
condemnation proceedings does not show that any evidence was
offered establishing the qualifications of the commissioners ap-
pointed to make an appraisement, and an assessment of damages
cannot be taken advantage of in a collateral proceeding.

*Error from Sedgwick Court of Common Pleas.*

ACTION by *Kate Griesser* and *Peter Getto,* guardian of the
minor heirs of Severin Griesser, deceased, against the *Chicago,
Kansas & Nebraska Railway Company,* to recover for dam-
ages by defendant in constructing its road through the land
of such heirs. Verdict and judgment for plaintiffs, on July
6, 1889. Defendant brings error.

*M. A. Low,* and *W. F. Evans,* for plaintiff in error.
*Sankey & Campbell,* for defendants in error.

Opinion by SIMPSON, C.: This action was commenced in
the district court of Sedgwick county on the 27th, day of
February, 1888, to recover for damages done to the land of
the minor heirs of Severin Griesser by the construction of a
line of railway through said land by the Chicago, Kansas &
Nebraska Railway Company. It was tried in the court of
common pleas, having been duly transferred thereto, and re-
sulted in a general verdict for the plaintiffs for $1,200.
The railway company bring the case here for review, and the
principal contention clusters about the regularity of certain

condemnation proceedings by which it is claimed by the rail-
way company that the land had been duly taken and appro-
priated before the commencement of this action.    From these
proceedings no appeal was ever taken.    It is claimed that
they are so irregular that they could be entirely disregarded,
and an independent action, like this, instituted for damages.
If these condemnation proceedings were not utterly void, but
only technically informal, this action will not lie, the only
remedy being by appeal from the award.    The court below
withdrew these proceedings from the jury and told them not
to consider them.    The reason for this ruling is not plainly
stated in the record, but, as a matter of fair inference from
what the trial court said, it seems to us that the trial court
did not consider the general notice of condemnation sufficient
to bind minor heirs.    But be that as it may, this is the con-
trolling question in the case, and we will proceed to deter-
mine it.

As we understand the contention of the counsel for defend-
ants in error, they insist that these condemnation proceedings
are not sufficient for three reasons, and these are, that there is
no evidence tending to show that the persons appointed by the
district court to condemn the right-of-way and assess the dam-
ages were qualified to act as such commissioners; there is no
showing that the map and profile of the intended route was
made, certified and filed with the county clerk before the road
was constructed, no written notice was given to the occupant
of the land, no proper assessment of damages was ever made;
and, finally, that neither the notice nor the proof of the pub-
lication thereof was sufficient.    The proceedings withdrawn
from the jury substantially show that, on or about the 17th
day of January, 1887, the judge of the district court of Sedg-
wick county, state of Kansas, on the written application of the
Chicago, Kansas & Nebraska Railway Company, plaintiff in
error, appointed three commissioners, having the qualifications
required by law, to lay off and condemn a route and line for
the railway of said company through said county of Sedgwick;
that said commissioners, after duly qualifying as required by

law, and after giving the notice prescribed by the statute, located and condemned a route and line for said railway over the real estate in question, in the manner and form provided for by the statute, all of which was embodied by them in a written report, and filed in the office of the county clerk of said county on the 2d day of March, 1887; that the county clerk of said county forthwith prepared and filed in the office of the treasurer of said county a copy of said report, properly certified; that said railway company, on said date last aforesaid, caused to be paid to said treasurer the full amount of the appraisement of the commissioners aforesaid, and as shown by said report, for the route and line over the real estate in question; and that said copy, so filed in said treasurer's office, was, on said 2d day of March, 1887, duly filed and recorded in the office of the register of deeds of the said county of Sedgwick, after the fact of said payment had been duly certified thereon by said treasurer.

I. We find that the petition of the railroad company presented to the district court of Sedgwick county, of date December 20, 1886, asking for the appointment of commissioners, recites that a map and profile of the line of the railroad through Sedgwick county had been filed in the office of the county clerk. The order appointing the commissioners to lay off along the line of the railroad the necessary land, and appraise and assess the same as required by law, recites that "the said lands so desired by said company for the purposes aforesaid being particularly shown by the map and profile of said road on file in the office of the county clerk of Sedgwick county." With these recitations in the record, it is fair to conclude that the map and profile were filed before the land was condemned, and disposes of that contention.

II. It is contended that there is no evidence tending to show that the commissioners appointed were freeholders. The order appointing them recites that they are. Even if they were not, the case of *Huling v. K. V. Rly. & I. Co.*, 130 U. S. 559, is conclusive authority that such an objection can-

not be raised in a collateral attack on the condemnation proceedings.

III. It is said that the failure of the railway company to serve written notice on a tenant of the owners, who was in actual possession of the land, invalidates the proceedings, it being admitted that no such notice was ever served. In the first place the section that requires such notice to be served is no part of the condemnation proceedings. (*Hunt v. Smith*, 9 Kas. 137; *M. R. Ft. S. & G. Rld. Co. v. Shepard*, 9 id. 647; *C. K. & W. Rld. Co. v. Grovier*, 41 id. 685; *C. K. & W. Rld. Co. v. Abbott*, 44 id. 170.) Admitting that it is absolutely required to be given before the construction is commenced, then it would only affect the questions of damages occasioned by their failure. It is said in the case of *M. R. Ft. S. & G. Rld. Co. v. Shepard*, supra, that the object of such a notice "is to inform the occupant that the company is about to commence work, so that he may prepare his fences so as to confine his stock and preserve his crops." It is perfectly evident that this question does not affect in any manner the validity of the condemnation proceedings. Such a notice is required under the general road law of the state, but it has been held that the want of it is not a jurisdictional defect.

IV. The next contention is, that no proper appraisement of the land taken or assessment of damages to the land not taken was made. Two reasons are advanced in support thereof. The first is that it was done in the name of a dead man; and the second is, that as this land belonged one-half to the widow of the deceased and the other half to the two minor children, the interest of each should have been determined and appraised. Both these objections are fairly met by the case of *C. K. & W. Rld. Co. v. Grovier*, 41 Kas. 685.

V. Finally, it is said that the jurisdictional notice is not sufficiently definite, and that by reason of its numerous omissions the proceedings are void. In the cases hereinbefore cited of *M. R. Ft. S. & G. Rld. Co. v. Shepard*, 9 Kas. 647, and *Huling v. K. V. Rly. & I. Co.*, 130 U. S. 559, the objec-

tions made here are fully met, and determined adversely to the view of counsel for defendants in error.

It follows that the trial court erred in ruling out the condemnation proceedings and withdrawing them from the jury, and for this reason the judgment should be reversed and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.