MARY I. LANCASTER, Trustee, *vs.* AUGUSTA WATER DISTRICT.

Kennebec.     Opinion March 15, 1911.

*Pleading. Joining Issue. Brief Statement. Amendment. Eminent Domain. Notice. Describing Land. Witnesses. Rule V of Supreme Judicial Court. Private and Special Laws, 1905, chapter 4, section 5. Statute, 1905, chapter 164. Revised Statutes, chapter 84, section 34 ; chapter 106, section 6.*

Under Revised Statutes, chapter 84, section 34, authorizing pleading of the general issue, and the filing of a brief statement of special matter of defense, or a special plea, and providing that the plaintiff must join a general issue and may file a counter brief statement, where the defendant in a writ of entry filed a plea of the general issue and a brief statement and the plaintiff filed a replication, *held* it was not error to refuse to direct the defendant to join issue thereon.

Under Revised Statutes, chapter 106, section 6, entitling the defendant in a real action to plead by a brief statement under the general issue, filed within the time allowed for pleas in abatement, that he was not a tenant

of the freehold, or, if he claimed or was in possession of only a part of the premises when the action was commenced, to describe such part in a statement filed in the case and disclaim the residue, *held* it was proper, in writ of entry, to require the plaintiff to join issue upon defendant's plea of general issue and disclaimer, under a ruling that replication was unnecessary.

Under Supreme Judicial Court Rule V, *held* it was discretionary to permit the defendant, in writ of entry, at the close of the plaintiff's opening statement, to amend by substituting for its claim to the premises a claim of easement.

Owners of land condemned are not entitled to notice or hearing upon the expediency or necessity of taking, but are entitled to be heard on all proceedings subsequent to seizure.

Under Private Laws 1905, chapter 4, section 5, requiring a water district, in condemning land, to file plans of the location of property to be taken, plans so filed impart constructive notice of their subject matter to all persons interested.

Land to be condemned must be so described that the owner will not be deceived as to what land is taken.

Condemnation proceedings *held* not invalid for describing the land as owned by the actual owner's husband ; she not being deceived, since he was the former owner.

In an action involving the validity of condemnation proceedings, *held* it was not error to admit on cross-examination of the plaintiff's witness testimony tending to show waiver by and estoppel of the plaintiff; allowance of testimony on collateral cross-examination being discretionary with the presiding Justice.

Under Private Laws 1905, chapter 4, section 5, payment of compensation is a prerequisite to vesting of title to land condemned by a certain water district, but it is not a condition precedent to a taking of possession.

Right to possession of land under an easement is "property" within the law of eminent domain.

On exceptions by plaintiff.        Overruled.

Real action to recover possession of certain land in Winthrop. Pleadings filed as stated in the opinion.    At the conclusion of the testimony, the presiding Justice ordered a verdict of the form and tenor stated in the opinion.    The plaintiff excepted to several rulings made during the trial.

The case is stated in the opinion.

*Benedict F. Maher*, for plaintiff.

*Heath & Andrews*, for defendant.

SITTING : WHITEHOUSE, PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

PEABODY, J. This is a writ of entry brought by the plaintiff as trustee under the will of Edward Church Williams, deceased, against the Augusta Water District, a corporation created by act of the legislature of the State of Maine, to recover possession of a certain piece or parcel of land, situated in Winthrop in the County of Kennebec, State of Maine.

The defendant corporation filed a plea of the general issue, and a brief statement denying that it was tenant of the freehold or in possession of any portion of the premises described in the plaintiff's writ and declaration, except as to certain specific portions thereof, which it claimed to own when the action was brought, and disclaiming title to all the other parts of the demanded premises.

The case is before the Law Court on the plaintiff's exceptions to the rulings of the presiding Justice, which are, in substance :

1. To the plea of the defendant, the plaintiff filed a replication and requested the court to direct the defendant to join issue thereon. This direction the court refused to give.

2. The court ordered the plaintiff, against her objection, to join issue upon the defendant's plea of general issue and disclaimer, ruling that her replication was unnecessary.

3. At the close of the opening statement of the plaintiff's counsel to the jury, the defendant moved to amend its pleading by striking out its claim to all the premises seized, and substituting therefor a claim to an easement to the premises and the right to the possession thereof, and the court, against the objection of the plaintiff, allowed the amendment.

4. Certain descriptions of the land in question, filed in the registry of deeds for Kennebec county, under an alleged taking by the defendant by right of eminent domain, were allowed in evidence against the plaintiff's objection, that they were but evidence of an attempted compliance with an act which was unconstitutional as irrelevant, and does not give the name of the owner of the property taken.

5.  Certain maps of the land in question, filed in the county commissioners' office in Kennebec county under an alleged eminent domain-taking by the defendant, were allowed against the objection of the plaintiff that they were but evidence of an attempted compliance with an act which was unconstitutional, that they were not originals and, therefore, not best evidence and contained no certificate as to the date of filing.

6.  The testimony of Stephen S. Lancaster, witness for the plaintiff, recalled by the defendant, was admitted against the objection of the plaintiff, that it was irrelevant and immaterial, and that he could not be cross-examined on subjects other than those to which he testified on direct-examination.

7.  At the conclusion of the testimony, the plaintiff moved that the court direct a verdict for her on the grounds set forth in exceptions numbered four and five in the bill of exceptions, and that there being no evidence of payment of compensation for the land taken, the right of possession, if any, which the defendant acquired by the filing of the maps had lapsed; also that payment of compensation to the plaintiff for the land in question was a prerequisite to the vesting of title to the lands in the defendant, which motion was denied.

8.  But, on the motion of the defendant, the court directed the jury to render the following verdict: "The jury find that the defendant did disseize the plaintiff of the fee in the land described in her writ and not disclaimed by the defendant, but find that she holds the fee in said land, subject to the easement therein in favor of the defendant and the right to the actual possession thereof created by the taking by the defendant under the right of eminent domain as set forth in its brief statement of defense."

The first exception is to be determined by the provisions of R. S., chap. 84, sec. 34, relating to pleading in civil actions, and the second by the provisions of R. S., chap. 106, sec. 6, giving the defendant in a real action the right of pleading by a brief statement under the general issue, filed within the time allowed for pleas in abatement, that he is not a tenant of the freehold, or if he claimed or was in possession of only a part of the premises when the action

was commenced, to describe such part in a statement filed in the case and disclaim the residue. The defendant's pleading was within the procedure authorized by these statutes. *Potter* v. *Titcomb*, 16 Maine, 423 ; *Ministerial & School Fund* v. *Rowell*, 49 Maine, 330 ; *Chaplin* v. *Barker*, 53 Maine, 275 ; *Pratt* v. *Knight*, 29 Maine, 471.

The third exception is not available to the plaintiff, as the amendment to the brief statement was discretionary with the court. Rule V, Supreme Judicial Court ; *Ministerial & School Fund* v. *Rowell*, supra.

The fourth and fifth exceptions involve the constitutionality of the legislative act creating the defendant a public service corporation and authorizing it to take private property for the purpose of its business, by reason of the failure to provide for notice of the proceedings for condemnation of the property under which the defendant claims an easement in the demanded premises, but only for those for determining the compensation to be paid.

The law which governs notice in eminent domain proceedings recognizes equally the right of the public and of the owner, and the requirement of personal notice to the owner in every case of the taking would be inexpedient and unreasonable. The title might be uncertain, the owners absent, numerous or unknown, and their interests in the property different. It has therefore been decided that notice by publication or by posting, is sufficient, even in respect to persons residing within the jurisdiction where the proceedings are pending. *Wilson* v. *Hathaway*, 42 Iowa, 173 ; *McIntire* v. *Marine*, 93 Ind. 193 ; but the constitutional requirement will be satisfied by giving a reasonable notice, the standard being that it must be such as to afford the persons interested an opportunity to be heard upon matters affecting their private rights. The owners, being themselves part of the public whose interests are paramount, are not entitled to notice or a hearing upon the expediency or necessity of taking the property for public use ; *Moseley* v. *York Shore Water Co.*, 94 Maine, 83 ; *Brown* v. *Gerald*, 100 Maine, 351 ; *Holt* v. *Somerville*, 127 Mass. 408 ; *Old Colony Railroad*, 163 Mass. 356 ; but after the seizure they are

entitled to be heard upon all proceedings. *Kennebec Water District* v. *Waterville*, 96 Maine, 234; *Windsor* v. *Mac Veigh*, 93 U. S. 274; *Baltimore Belt R. R. Co.*, 75 Md. 94; *Tracey* v. *Corse*, 58 N. Y. 143; *Woodruff* v. *Taylor*, 20 Vt. 64; Cooley Const. Lim. 7 ed. 759. The case of *Appleton* v. *Newton*, 178 Mass. 276, upholds the constitutionality of statutes somewhat similar to those which are the foundation of the proceedings in this case, and the question of notice is there exhaustively discussed. The court, by Knowlton, J., says: "It does not follow that personal service of a paper or a formal notice of any kind is necessary. The taking of land for a public use is strictly a proceeding in rem, the res being within the jurisdiction of the State. In all such cases it is enough if there is such a notice as makes it reasonably certain that all persons interested who easily can be reached will have information of the proceedings, that there is such a probability as reasonably can be provided for, that those at a distance also may be informed. It is for the Legislature, within proper limitations, to say what means of knowledge will be enough to put upon a landowner the duty, within a prescribed time, to take measures to obtain his compensation if he wishes to save his rights."

"We are of opinion that the Legislature might assume that persons whose lands are taken would have such knowledge on the subject of the taking that the constructive notice by filing an instrument of taking in the registry of deeds would be all that is required to enable them to protect their rights within the three years allowed them for that purpose." *Appleton* v. *Newton*, supra.

The doctrine of that case is confirmed in *Bryant* v. *Pittsfield*, 199 Mass. 530.

It is claimed by the defendant that the plaintiff had legal notice of the condemnation proceedings which vested in it the easement claimed. This depends upon whether there was a compliance with the requirements of the act creating the Augusta Water District as public service corporation in respect to notice.

The Act of 1905, chapter 4, section 5, provides: "In exercising any right of eminent domain conferred upon it by law, said district shall file in the office of the County Commissioners of Kennebec

county and record in the Registry of Deeds in said county, plans of the location of all lands or interest therein, or water rights, to be taken, with an appropriate description and names of the owners thereof."

The evidence shows that plans were actually filed in accordance with the act. This made them originals, and they became matters of record, and as such records they were constructive notice, which was sufficient notice of their subject matter to all persons interested. *Cupp* v. *Commissioners*, 19 Ohio St. 173, 182. It was compliance also with the requirements of the general law applicable to such taking. Pub. Laws 1905, chap. 164.

It is objected also to the sufficiency of these records that the land was not described with the accuracy required by law. The rule for determining this is that the description must be such that the owner is not thereby deceived as to what land is taken. *Chicago, etc., Ry. Co.* v. *Griesser et al.*, 48 Kan. 663. The particular inaccuracy claimed is that the land is described as belonging to a person who is not the owner ; but it is not pretended that the plaintiff was in fact deceived as to what land was taken by erroneously giving the name of her husband, who was the former owner of the property, as owner at the time of the seizure. *Knoblauch* v. *Minneapolis*, 56 Minn. 321 ; *Watkins* v. *Pickering*, 92 Ind. 332 ; *Brock* v. *Old Colony R. R. Co.*, 146 Mass. 194 ; *Walpole* v. *Chemical Co.*, 192 Mass. 66 ; *Woodbury* v. *Marblehead Water Co.*, 145 Mass. 509.

We cannot adopt the plaintiff's view that the ruling of the Justice as presented in the sixth exception was erroneous. The testimony of her witness, recalled by the defendant, given on cross-examination was relevant as bearing upon the alleged waiver of the plaintiff and matters claim to estop her from denying the defendant's right of possession without prepayment of compensation, and from relying upon technical objections to the want of legal notice as distinguished from actual notice. The testimony tended to show that she knew of the granting of the charter, the intention of the defendant to occupy part of her land with its dam, reservoir and pipe line, that she visited the premises as the work progressed, had the com-

pany's plans explained to her, and was aware of the great expense being incurred by the Water District in erecting the structures and laying the lines of pipe over the land in question; *Reichert* v. *St. L. & S. Fr. Ry. Co.*, 51 Ark. 491; *Trenton Water Co.* v. *Chambers*, 9 N. J. Eq. 471; and the allowance of the testimony on collateral cross-examination is not exceptionable because within the discretion of the Justice.     *Grant* v. *Libby*, 71 Maine, 427; 3 Wigmore on Evidence, 1883, 1890, 1898, 1899.

It is conceded that payment of compensation was a prerequisite to the vesting of title in the Augusta Water District, but it is not, as claimed in the seventh exception, a condition precedent to its taking possession of its interest in the land.     Chap. 4, sec. 5, Laws of 1905; *Cushman* v. *Smith*, 34 Maine, 247; *Nichols* v. *Somerset & Kennebec R. R. Co.*, 43 Maine, 356; *Davis* v. *Russell*, 47 Maine, 443; *State* v. *Fuller*, 105 Maine, 571.

The interest which the defendant claims under its amended pleading in the land taken is an easement therein and the right to the possession thereof.     *Riche* v. *Bar Harbor Water Co.*, 75 Maine, 91. This is property within the purview of the law of eminent domain. 1 Lewis Em. Dom. 262 (a); Randolph Law of Em. Dom. 79.

The eighth exception brings under consideration the entire record. The evidence is not in conflict and has been fully considered in its application to the questions raised in the elaborate bill of exceptions, and in support of the facts relied upon by the defendant to estop the plaintiff from asserting her claim by writ of entry.     In view of the conclusions reached on the points presented it must be held that it was not error, but was the duty of the presiding Justice to direct the verdict in the form stated in the record.     *Nicholson* v. *Maine Central R. R. Co.*, 97 Maine, 43; *Same* v. *Same*, 100 Maine, 342.

*Exceptions overruled.*