## STATE EX REL. ALVA R. HUNT v. CITY OF MONTEVIDEO.[1]

### March 28, 1919.

### No. 21,129.

**Eminent domain by municipal corporation — question of public use.**

1. In proceedings to condemn private property for a public use the owner thereof is not entitled to a judicial hearing upon the question

[1] Reported in 171 N. W. 314.

whether public interests justify the improvement for which the property is proposed to be taken.

**Eminent domain — legislative question reviewable by court.**

2. The question of public necessity in such proceeding is purely legislative, and the determination thereof by the legislative tribunal is open to review by the court only when and to the extent granted by statute.

**Same — judicial hearing.**

3. The property owner is entitled to a judicial hearing, at some stage of the proceeding, upon the question whether a particular use for which his property is proposed to be taken is public or private.

**Same — hearing before city council.**

4. But he is not entitled to a hearing upon that question along the lines of judicial procedure before the legislative tribunal having the condemnation proceeding in charge.

**Same — procedure informal.**

5. Procedure before such tribunals is necessarily informal, and need not follow court practice, unless so required by statute.

**Same — rights of property owner protected.**

6. The constitutional rights of the property owner are fully protected when an appeal is given from the decision of the legislative board, and in the absence of such appeal, when the question of public or private use may be reviewed by the court on certiorari.

**Same — alley is a public highway.**

7. An alley laid out and established by public authority is a public highway, and private property taken therefor presumptively is taken for a public use, and the burden is upon the property owner who asserts the contrary to prove it.

**Same — right of property owner protected.**

8. A commission of disinterested freeholders for the assessment of damages and benefits, appointed by the board or tribunal having the proceeding in charge, the commissioners being required to take and subscribe an oath to act fairly and impartially, constitutes an impartial tribunal before which the property owner may appear and be heard. Langford v. County Commrs. of Ramsey County, 16 Minn. 333 (375), distinguished.

Upon the relation of Alva R. Hunt, the district court for Chippewa county granted its writ of certiorari directed to the city of Montevideo

to review proceedings in respondent's city council establishing an alley-way. The matter was heard by Daly, J., who quashed the writ. From the judgment quashing the writ, relator appealed. Affirmed.

*Alva R. Hunt* and *C. D. Bensel,* for appellant.

*C. A. Fosnes* and *J. O. Haugland,* for respondent.

BROWN, C. J.

Proceedings were duly commenced before the common council of the city of Montevideo for the establishment of a public alley over and across certain premises owned by relator. The proceedings were had and conducted under the provisions of the city charter, were in all respects regular and in conformity therewith, and in the due course of procedure culminated in a resolution duly adopted by the council laying out and establishing the proposed alley, coupled with an order appointing commissioners for the assessment of damages and benefits.

At the hearing before the council relator appeared and interposed certain objections to the validity of the proceedings, based on the contention that the provisions of the city charter under which they were conducted are unconstitutional, in that the property owner is not thereby given an impartial hearing upon the various questions involved in the exercise of the authority there conferred upon the council to condemn private property for a public use. The objections were all overruled or disregarded by the council in and by its final order establishing the alley. Relator thereupon sued out a writ of certiorari from the district court for the review of such final order. On the hearing in the court below the writ was discharged. Judgment was entered accordingly and relator appealed.

The controversy was here on a former appeal, though in another proceeding subsequently dismissed or abandoned, but the questions here presented were not there involved. State v. City of Montevideo, 135 Minn. 436, 161 N. W. 154. In the present appeal relator contends:

(1) That the city charter, by which the power and authority to take private property for public use are granted to the common council, is unconstitutional and void because no provision is made for an impartial tribunal, to act judicially, in determining whether public necessity justifies or requires a particular improvement, or whether the use for which

private property is proposed to be taken is a public or private use; and (2) that the charter is also invalid, for the further reason that no provision is therein made for an impartial tribunal for the assessment of damages.

The provisions of the charter expressly grant to the municipality the power of eminent domain, and the right to take and appropriate private property for public use whenever necessary for the public convenience or welfare; the exercise of the power being vested in the municipal council. The charter provides that, when the city council shall determine that it is necessary to exercise the authority thus granted, it shall declare the same by resolution, and state therein the nature and character of the improvement contemplated and the property proposed to be taken therefor. A survey and plat are required to be prepared and filed with the city clerk, and a public notice given of the time and place when the council will meet for the purpose of hearing all interested parties either in favor of or against the improvement. The charter further provides that if the council decides, after such hearing, to proceed further in the matter it shall, by another resolution, adopt the plat and survey, and order and direct that the improvement be made, and the assessment of damages for property taken or injured, whereupon, the charter reads, the council shall appoint three disinterested freeholders and electors of the city as commissioners to view the premises, and make such award of damages and benefits as they deem proper and right. The commissioners are required to take and subscribe an oath to make a just and impartial appraisement. Notice of the time and place at which they will meet to consider the appraisement is provided for, and all interested parties may appear and offer any evidence pertinent to the questions involved. An appeal to the district court is expressly given, where a reassessment of damages or benefits may be had.

1. The contention of relator that the charter authority is invalid because no provision is made for a judicial hearing upon the question of the public necessity of the proposed improvement, is without special merit and is not sustained. The question of the propriety and necessity of such improvements is purely legislative and in no sense judicial. The legislature, or the municipality to which an exercise of the power of eminent domain is delegated, may directly declare that public interests re-

quire and justify a particular taking of private property, and of that conclusion the property owner had no constitutional right to complain. He is not entitled as a matter of law to a hearing upon that question, judicial or otherwise, unless granted and provided for by statute. City of St. Paul v. Nickl, 42 Minn. 262, 44 N. W. 59; 10 R. C. L. 183, §§ 158, 159, 160; Ann. Cas. 1913A, 1252, and note; Lancaster v. Augusta W. D. 108 Me. 137, 79 Atl. 463, Ann. Cas. 1913A, 1252, and note; State v. Jones, 139 N. C. 613, 52 S. E. 240, 2 L.R.A.(N.S.) 313, and note. The rule is well settled in this state. Practically all of our recent decisions will be found cited in Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077. The absence from the charter of a provision granting to the property owners a judicial hearing upon the question of public necessity does not deprive the property owner of any legal right, and the authority granted by the charter is not open to the objections urged by relator. There is in fact a requirement of notice to interested parties, and the notice was given in this proceeding, but the hearing thereunder is not necessarily to be conducted in accordance with the rules of judicial procedure, for under the law of this state the property owner is not entitled to a hearing of that kind upon the questions stated. The point needs no further comment.

But, since private property cannot be taken for private use, the owner thereof is entitled to a judicial hearing, at some stage of the proceeding, upon the question whether the use for which his property is proposed to be taken is public or private. In re St. Paul & N. P. Ry. Co. 34 Minn. 227, 25 N. W. 345; State v. Board of Co. Commrs. of Polk County, 87 Minn. 325, 92 N. W. 216, 60 L.R.A. 161; Henderson v. Lexington (Ky.) 111 S. W. 318, 22 L.R.A.(N.S.) 20, and note; 10 R. C. L. 29, § 27. Yet he is not entitled to have the legislative tribunal charged with the conduct of the proceeding turned into a judicial tribunal, nor to a hearing before it in accordance with the rules of judicial procedure. State v. Truax, 139 Minn. 313, 166 N. W. 339; City of Minneapolis v. Wilkin, 30 Minn. 140, 14 N. W. 581. Proceedings of the kind before the legislative tribunal are necessarily informal and in a measure summary. It is sufficient protection of the constitutional rights of aggrieved parties that they may review the decision of the particular question in the courts, by appeal when provided for, and when not provided, then by certiorari.

1 Dunnell, Minn. Dig. § 1642. No appeal as to the question is given by the Montevideo charter, but, as held on the former appeal, certiorari is available and all rights may thereby be fully protected.

No question arises as to the character of the improvement involved in this proceeding. An alley laid out and established by public authority is a public highway, regardless of the number of citizens who may find occasion to use it. 1 Lewis, Eminent Domain, § 259; 1 Elliott, Roads & Streets, § 30. The use for which relator's property is proposed to be taken is therefore public; that fact conclusively appears, for there is no showing to the contrary. City of Savannah v. Hancock, 91 Mo. 54, 3 S. W. 215. The motives of the members of the council are immaterial and not open to judicial inquiry, except perhaps in a case of fraud and collusion with private interests. But where the purpose of a particular improvement appears upon the face of the record as public, as in this proceeding, the burden to show the contrary, or bad faith or fraud on the part of the officers in charge of the proceeding, will be upon the objecting owner. It is not necessary in such proceedings that the legislative tribunal negative bad faith or fraud.

2. Relator's second contention is that the charter is invalid for its failure to provide an impartial tribunal for the assessment of damages, and that by reason of this omission he has been, or will, on completion of the proceeding, be deprived of his property without due process of law, in violation of both the state and Federal Constitutions. The point is not sustained, though the right of the property owner to an impartial tribunal is not questioned. The provisions of the charter upon this branch of the case have already been stated and need not be repeated at length. The city council is required thereby to appoint three disinterested persons to act as commissioners in the assessment of damages; the persons so named are required to take an oath to act impartially; notice is given of the time and place the commissioners will meet to consider the questions before them, and all interested parties are thus afforded an opportunity to be heard. In addition to this the charter provides for an appeal to the district court from any award made.

The rights of the property owners are fully protected. Charter provisions similar to those here involved were sustained and upheld, against the objections urged in this case, in McKusick v. City of Stillwater, 44

Minn. 372, 46 N. W. 769.  Substantially to the same effect is the case of City of Minneapolis v. Wilkin, 30 Minn. 140, 14 N. W. 581.  The suggestion of relator that the city in the case at bar is an adversary party in the proceeding, hence that the members of the city council who select the commissioners are also adversary parties, is clearly not sound.  The city and the members of its legislative body, the common council, are but agents or representatives of the public for the administration of the law within the municipality, and presumptively have no interest in the performance of their duties adverse to the citizen whose property rights may be involved in a particular proceeding.  If the charter had provided that the city council, instead of the commission, should assess the damages and benefits, no valid objection could be urged against it. That has been the situation in this state as to town and county road proceedings for many years.  Chapter 13, G. S. 1878; Banse v. Town of Clark, 69 Minn. 53, 71 N. W. 819.  Under our drainage statutes the appraisers are named as in the case at bar by the legislative board having the proceeding in charge.  Sections 5528, 5584, G. S. 1913.  We have no doubt of the validity of that procedure.  The case of Langford v. County Commrs. of Ramsey County, 16 Minn. 333 (375), is not in point. The commissioners provided for in that case were private citizens, who proceeded in the assessment of damages without oath to impartially hear and determine the questions before them, and without notice to interested parties.  The decision in that case, though stating the law correctly as to the right of the property owner to an impartial tribunal for the assessment of damages, has repeatedly been distinguished from cases substantially like that at bar.  Weir v. St. Paul, S. & T. F. R. Co. 18 Minn. 139 (155); Bruggerman v. True, 25 Minn. 123; City of St. Paul v. Nickl, 42 Minn. 262, 44 N. W. 59.  Under the provisions of the charter under consideration the property owner is entitled to notice and is thus afforded an opportunity to appear before the commissioners and present his evidence; and in addition to that he may appeal from an adverse award to the district court where a reassessment may be had. That is all the constitutional guaranty due process of law secures to him.

This disposes of the case.  Our views are in harmony with those of the learned trial judge, and the judgment appealed from is therefore affirmed.