SILVER v. STEAM BOAT ELK.

Error to St. Louis Circuit Court.

*Bird for Plaintiff.*

SEPT. TERM.
1840.

Silver
v.
St. Boat Elk.

The plaintiff insists that the complaint is good, and that judgment should be reversed and judgment for plaintiff.

*Bowlin for Defendant.*

The only point to be considered is whether the complaint is good under the statute? The complaint has been verified by affidavit, such as it is. But no essential requisite of the statute has been sworn to by the affiant. 3 Call 416; 1 Wash. 74; 2d H. and M. 315, also 48; sec. 1 R. C. 102; sec. 4 R. C. 103; sec. 21, 104; sec. 4, 103.

*Opinion of the Court by Tompkins Judge.*

Francis Silver states in his complaint, that on the 23rd day of February in the year 1839, the owners of the steam boat Elk were justly indebted to him in the sum of four hundred and ninety-nine dollars and seventy-five cents, for services on board of said boat as carpenter, and then due and payable; and that as evidence of the debt, so due from said owners, and of the contract made between the said owners, and the said Silver. John Russell junior, then acting and authorised to act as clerk of the said steam boat, made and delivered to the said Silver an instrument of writing of which the following is a copy, viz: "One day after date steam boat Elk and owners promise to pay to Francis Silver four hundred and ninety-nine 75.100 dollars, balance due on settlement for services rendered on board as carpenter. St. Bt. Elk and owners by John Russell jr., clerk, Louisville, Feb'y 23d, 1839." The complaint was demurred to and the demurrer sustained. The judgment of the circuit court in this case will also be reversed and the cause remanded to the circuit court for the same reasons as are given in the case of Peyton Byrne vs. the Steam Boat Elk, decided at this term.