JOHN W. SCOTT, Exr. *v.* THE PEOPLE *ex.rel.* Lewis, Collector,
and

M. T. SCOTT *v.* THE PEOPLE *ex rel.* Lewis, Collector.

*Filed at Springfield March 23, 1887.*

1. DRAINAGE LAW—*formation of drainage districts—by whom—and of
the different classes.* By section 1 of the Drainage law of 1885, the highway
commissioners in each town in counties under township organization are made
drainage commissioners of all the drainage districts in their respective towns,
and are made a body corporate. Where a proposed district lies in two towns,
the town clerk of the town having the greater part of the lands is required to
select the drainage commissioners from the highway commissioners of both
towns, and such districts are called "union districts." When the proposed
district lies in three or more towns in the same or different counties under
township organization, the county court of the county having the greater part
of the lands appoints temporary commissioners for the purpose of organiza-
tion, after which new ones are to be elected. Such is called a "special district."

2. SAME—*enlarging a drainage district—by whom.* Under section 42
of the same act, the authority to enlarge a previously organized district, with-
out regard to the class to which it belongs, is conferred upon its drainage
commissioners alone. Therefore, a proceeding to enlarge a special drainage
district lying in three or more towns is not required to be instituted in the
county court, but should be had before its drainage commissioners. It mat-
ters not, in respect to the question of their jurisdiction, that the commis-
sioners may be an interested tribunal.

3. SAME—*objections to judgment for delinquent assessments—whether
availing after neglect to appeal.* The fact that the order of the commis-
sioners of a special drainage district confirming the classification of the lands
added to the district was mislaid, so that it could not be found, affords no
valid objection to an application by the county collector for judgment against
the lands for the delinquent assessments thereon, as such an objection does
not go to the substantial justice or validity of the assessment.

4. SAME—*absence of order of confirmation as an obstacle to the taking
of an appeal—notice to be taken of the orders in a proceeding.* Moreover,
the loss of the order of the commissioners confirming the classification of the
lands did not necessarily prevent an appeal. The parties were bound, at
their peril, to take notice of all orders made in the proceeding, and to "take
cognizance of all adjournments, without further notice," and if they had been
present when the question of confirmation was disposed of, they would have
had all the facts necessary to the perfecting of an appeal. So the absence of
such order, could not avail as a defence to an application for judgment, upon
the ground that the exercise of the right of appeal was thereby prevented.

9—120 ILL.

Appeal from the County Court of Champaign county; the Hon. J. W. Langley, Judge, presiding.

Messrs. Gere & Beardsley, for the appellants:

The supposed enlargement of the drainage district was without authority of law, and void. As a special drainage district could be organized only in the county court, the proceeding to enlarge it must be instituted before that tribunal.

The fact that the commissioners in this case sat as judges in a case in which they were personally interested, renders their acts void. Cooley's Const. Lim. 410; Broom's Legal Maxims, 90.

The order of the commissioners affirming the classification was not so filed as to permit appellant to appeal therefrom.

The condition and location of the land must have been such as called for by section 42, before the commissioners could have had jurisdiction to include them within the enlarged district.

Actual notice of the levy of the assessment was necessary in this case.

Mr. Francis M. Wright, for the appellee:

Every matter urged by the appellants in support of their objections, preceded the application for judgment, and every such matter must be considered *res judicata*, and not now to be again investigated. *Lehmer* v. *People,* 80 Ill. 601; *People* v. *Brislin,* id. 423.

All objections which could have been urged at the time of the classification or assessment must be considered as waived, and can not be urged for the first time on application for sale of lands for delinquent assessments. *Blake* v. *People,* 109 Ill. 504, and cases there cited.

The collector's list of delinquent lands is *prima facie* ground for judgment. The collector is not bound to prove legality. The defendant has the burden of proving illegality. *Durham*

v. *People*, 67 Ill. 414; *Chiniquy* v. *People*, 78 id. 570; *Karnes* v. *People*, 73 id. 274; *Mix* v. *People*, 81 id. 118; 86 id. 312.

The collector's return was *prima facie* evidence that the amounts returned were due. *Brackett* v. *People*, 115 Ill. 29; *Pike* v. *People*, 84 id. 80.

It is incumbent on the party filing objections, to prove them. *Enos* v. *City of Springfield*, 113 Ill. 65.

Authority to act can not be questioned collaterally, even though the proper notice was not given, as an attempt to defeat an application for judgment upon unpaid special assessments made by the corporate authorities. *Blake* v. *People*, 109 Ill. 504.

The special assessment itself is *prima facie* evidence that the property is lawfully assessed, and the burden of proof is on the owner to show that it is not so assessed. *Chicago* v. *Sherwood*, 104 Ill. 549.

No error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting the taxes, not affecting the substantial justice of the tax itself, shall vitiate, or in any manner affect, the tax or the assessment. Rev. Law, sec. 191; *People* v. *Clayton*, 115 Ill. 150.

Two appeals are provided for by the provisions of the statute under which this assessment was made. (See sections 61, 24, 25, 62 and 27 of "An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named," approved June 27, 1885.) Both parties appeared and objected to the classification, and thereby gave jurisdiction, if not obtained otherwise; and for the matters of which complaint is now made, appeal was the appropriate remedy. *Keigwin* v. *Drainage Comrs.* 115 Ill. 347.

Mr. Justice Mulkey delivered the opinion of the Court:

Thomas Lewis, as county collector, made application to the county court of Champaign county, for judgment against certain lands belonging to the appellants in the above entitled

causes, for the amount of a special assessment made by the drainage commissioners of Big Slough special drainage district, in said county. The owners of the land appeared, by counsel, and interposed a number of written objections, none of which being deemed sufficient, they were overruled by the court, and judgment entered accordingly. The owners thereupon, respectively, appealed to this court, and as the cases involve the same questions, they will be considered together.

The record shows that Champaign county is under township organization, and that the drainage district in question lies partly in three towns. The tracts of land involved in the suit were not in the district as originally organized in 1880, but they became a part of it through a proceeding to enlarge its boundaries in 1885, and the chief objection to the present assessment is based on the alleged illegality of that proceeding. The proceeding in question was had under an act of the legislature, entitled "An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts therein named," approved June 27, 1885. By the 1st section of the act, the commissioners of highways in each town in the several counties under township organization, are made drainage commissioners of all the drainage districts in the town, and are declared to be a body corporate, etc. Where a proposed district lies in two towns, in the same or different counties, section 48 of the act requires the clerk of the town in which the greater portion of the lands lie, to select the drainage commissioners in part from the highway commissioners of both towns. Districts of this class are called "union districts." When the proposed district lies in three or more towns, in the same or different counties under township organization, the county court of the county in which the greater portion of the land lies, appoints temporary commissioners for the purpose of organizing, and after the organization is effected, new commissioners are to be elected by the owners of the land in the district. Section 49, *et seq.*

In addition to the differences here noted in respect to the selection and appointment of commissioners, an examination of the act will show considerable diversity in the procedure in the three classes of cases provided for, not only in the organization of the districts, but in other respects. But for the purposes of the decision to be made, a more particular reference to them will not be necessary.

As a special district, like the present, can only be organized, in the first instance, before the county court, it is contended by appellants, that a proceeding to enlarge its boundaries should, therefore, necessarily be brought before the same tribunal, and as the proceeding to enlarge, in this case, was instituted and conducted before the drainage commissioners of the district, and not before the county court, that the whole proceeding is, therefore, without authority of law, and void. Admitting the correctness of this conclusion, it would logically follow that the lands in question are not within the district, and consequently not subject to assessment. This, of course, would lead to a reversal of the judgment. We do not, however, regard the argument as sound, or believe the conclusion is justified by the provisions of the statute. As we read the 42d section of the act, we think it clear that the authority to enlarge a previously organized district, without regard to the class to which it belongs, is conferred upon the drainage commissioners alone. So much of that section as relates to this question is as follows: "Drainage commissioners may, at any time, enlarge the boundaries of their district, by attaching new areas of land which are involved in the same system of drainage, and require for outlets the drains of the districts made or proposed to be made, as the case may be, on the petition of as great a proportion of the land owners of the district so enlarged as is required for an original district. All changes thus made in the district shall be duly noted and shown upon the map, and recorded in the

drainage record. *The commissioners shall proceed to classify the lands thus added to the district.*"

That this language is broad enough to include all classes of drainage commissioners, can not be denied; and the only reason assigned why it does not apply to all classes is, as stated by counsel, that the "section is found, in its order, among the sections providing for the organization and maintenance of a district composed wholly of lands lying in one township." This statement, even if true to the extent stated, would not justify the conclusion drawn from it. The part of the section relating to this subject is not found "among" the sections providing for the organization of districts lying wholly in one township. It is inserted immediately after that subject is entirely disposed of, and is followed by provisions relating to the formation of sub-districts. If the part of the act cited, relating to the enlargement of existing districts, is not general in its application, then there is no provision for such enlargement of any districts except those which lie wholly in one town. We can not concur in a construction that would lead to such a result. We find no warrant in the statute, either express or implied, for the contention of appellants' counsel, that a proceeding to enlarge a drainage district of any class should be conducted in the county court.

It is next urged, that to permit the commissioners to pass upon the question of enlargement of the district, would be to have it determined by an interested tribunal. To a limited extent this is true, but it does not therefore follow that the decision of the question, when made, would not be binding. In matters of mere local concern, which are of a public or *quasi* public character, this, in many cases, can not be avoided without great inconvenience. It is every day's experience for property owners in small villages to sit as jurors in corporation cases for the recovery of penalties under ordinances, and yet we presume there are few who would now question their right to do so, on the ground of interest. So township and

county officers are constantly in the habit of making up and auditing their own accounts for services to the public, and no one, we presume, questions the validity of these official acts on that ground. They are, in most cases, largely ministerial, and the interest is so small and insignificant that the law does not regard it. To hold this objection good, would strike at the very foundation of the whole drainage system.

It appears, that while the order of the commissioners confirming the classification of the lands was duly filed with the clerk, yet, when counsel for appellants called upon the clerk for the purpose of inspecting it, it could not be found, and it is claimed that, by reason of this, appellants were prevented from taking an appeal. This objection clearly does not affect the justice or validity of the assessment, and consequently can not prevail in an application of this kind. The appellants were bound, at their peril, to take notice of all orders made by the commissioners in the proceeding. The statute required them to adjourn from day to day, until all objections to the classifications of the lands were heard and disposed of. After the first notice, the statute declares that "all persons shall take cognizance of all adjournments, without further notice." Had appellants been present when the question of confirming the classification was finally disposed of, they would have been put in possession of all the facts necessary to the perfecting of an appeal. But, outside of all these considerations, as before indicated, the objection is not one that could be availed of upon an application for judgment against the land.

The other objections, not specially noticed, are equally untenable, and were therefore properly overruled.

The judgment will be affirmed.

*Judgment affirmed.*