IN RE CRANBERRY CREEK DRAINAGE DISTRICT.

*March 22—April 17, 1906.*

*Drainage districts: Commissioners: "Competency:" Disqualification by interest.*

1. The word "competent" in sec. 1379—13, Stats. 1898 (providing for the appointment of three competent persons as drainage commissioners), refers to skill, intelligence, and business ability, and does not mean disinterested, so as to disqualify for such appointment persons owning land in the proposed drainage district.
2. Where commissioners or boards act in a ministerial, administrative, or *quasi*-judicial capacity, pecuniary interest (such as, in this case, the ownership of land in a proposed drainage district) does not disqualify them unless expressly so provided by statute.

APPEAL from an order of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge.  *Affirmed.*

This is a special proceeding under sections 1379—11 to 1379—39, Stats. 1898, and acts amendatory thereof.  A petition for the organization and establishment of a drainage district was filed, and an order made by the court fixing the

time of hearing. Thereafter and on August 8, 1904, three commissioners were appointed, two of whom, it is admitted, were owners of lands within the boundaries of the proposed district. After due notice given, the commissioners presented their report to the court for approval and confirmation. The appellant appeared and remonstrated against the confirmation of this report, and moved that the court order the proceedings for the confirmation of said report quashed and the report stricken from the files, for the reason that two of the commissioners were owners of land within the proposed district, and were, therefore, prejudiced. This motion was denied and an appeal taken from the order.

For the appellant there were briefs by *Ryan & Runke,* attorneys, and *Bauman & Davis,* of counsel, and oral argument by *Mr. R. B. Runke* and *Mr. L. A. Bauman.* To the point that the interested commissioners are disqualified under the common law, they cited *Gage v. Graffam,* 11 Mass. 181; *Edwards v. Estell,* 48 Cal. 194; *Stevenson v. Bay City,* 26 Mich. 44; *Clute v. Barron,* 2 Mich. 192; *Dwight v. Blackmar,* 2 Mich. 330, 57 Am. Dec. 130; *Wills v. Abbey,* 27 Tex. 202; *In re Southern Boulevard,* 3 Abb. Pr. N. s. 447; *Singletary v. Carter,* 1 Bailey, 467, 21 Am. Dec. 480; *Hunt v. Chicago,* 60 Ill. 183; Welty, Assessments, sec. 297; *Oconto Co. v. Hall,* 47 Wis. 208; 19 Am. & Eng. Ency. of Law (1st ed.) 470, 471; 25 Am. & Eng. Ency. of Law (1st ed.) 555.

For the respondents there was a brief by *B. M. Vaughan,* attorney, and *Goggins & Brazeau,* of counsel, and oral argument by *Mr. Vaughan* and *Mr. B. R. Goggins.*

KERWIN, J. The only question necessary to be considered upon this appeal is whether the two commissioners owning land within the proposed district were competent to act as commissioners.

1. It is contended on the part of the appellant that such commissioners were disqualified upon common-law principles

and also by the express language of the statute. The statute provides (sec. 1379—13, Stats. 1898) that the court "shall appoint three competent persons as commissioners," and the question arises whether commissioners who own land within the drainage district are competent. Counsel for appellant contends that in order to be competent the commissioners must be disinterested, and that owners of land within the district are not disinterested. Much stress is placed on the word "competent," as used respecting witnesses, and it is urged that since a competent witness has been held to mean a disinterested witness, the word "competent" in the statute before us should be given such meaning. But at common law an interested witness was not competent to testify, and so it was held that a competent witness was a disinterested witness, and in order to be competent he must be disinterested. It will be seen, however, that the adjective "competent" has a variety of meanings depending upon the connection in which it is used, and that it does not mean disinterested in all cases. Crabb, English Synonyms; Standard Dict.; 2 Words & Phrases, COMPETENT; *Bowes v. Haywood,* 35 Mich. 241; *Pacheco's Estate,* 23 Cal. 476; *Ætna Ins. Co. v. Stevens,* 4 Ill. 33; *Att'y Gen. v. Hallett,* 2 H. & N. 368, 374; *Tenney v. State,* 27 Wis. 387. Competency may have reference to fitness, qualification, sufficient ability or authority, or having sufficient ability and training to successfully execute the work to be undertaken. A person competent to perform work requiring skill or business ability in the particular calling may be a competent person for such calling in the ordinary acceptation of the term; and so we think the intention of the legislature was to secure commissioners possessed of sufficient skill, intelligence, and business ability to successfully carry on the work in question, and that it was not the intention of the legislature to exclude persons who owned land in the district solely for that reason.

If the legislature had intended that persons owning land

within the district should be incompetent to act as commissioners, it would have said so in unequivocal terms, as it has done in other statutes. The frequent use of the word "disinterested" in statutes providing for the appointment of commissioners seems clearly to indicate that it was used in cases where the legislature intended to exclude persons from serving on account of interest. Sec. 694c, Stats. 1898, provides for the appointment of disinterested residents to appraise land, and secs. 1379—34 and 1362, Stats. 1898, likewise provide for the appointment of disinterested persons. In condemnation proceedings our statutes usually provide that the commissioners shall be disinterested. Secs. 605 and 694c, Stats. 1898, provide that commissioners shall be disinterested, and sec. 1777b that they shall be disinterested and competent. Many other similar instances of the use of the word "disinterested" in the Wisconsin Statutes might be cited. The fact that the adjective "disinterested" is so used in the statutes seems to indicate that it is used and omitted advisedly, and that where the acts required to be done by the commissioners or board are largely ministerial or administrative interest is not regarded a disqualification. In view of these considerations it is reasonable to suppose that the legislature advisedly omitted from the statute in question the word "disinterested," thereby intending not to exclude persons owning land within the district from acting as commissioners. The inclusion of the word "disinterested" in some statutes and exclusion in others in cases providing for the appointment of commissioners seems to indicate legislative purpose, especially since the inclusion in our statutes is usually in cases where the duties of the commissioners are more *quasi*-judicial in their nature and less administrative than where the word is excluded.

In view of the scope of the act, the importance of the successful administration of the duties imposed upon the commissioners, the meager compensation provided, the duties

largely ministerial or administrative, the provisions for oath of office and execution of bond for the faithful discharge of duties, and the fact that *quasi*-judicial duties are subject to the supervision and control of the court, it seems quite clear that the competency contemplated by the act was not calculated to exclude a commissioner because he owned land within the district. The legislature may well have had in mind that far more efficient service would probably be obtained from commissioners who were landowners in the district, and therefore interested in its success, than from persons who were not. Counsel rely upon *King's Lake D. & L. D. v. Jamison,* 176 Mo. 557, 75 S. W. 679. This case arose under a statute quite similar to our own, and the court construed the word "competent" to mean disinterested, on the theory that since "competent," as applied to witnesses, means disinterested, the word "competent," in the drainage law, should be given the same meaning. We cannot adopt this reasoning or agree with the conclusion reached.

2. We are unable to agree with counsel for appellant that, independent of the statute, ownership of land within the district disqualifies the commissioners. Several authorities are cited by counsel which they claim sustain their position. Some are under statutes which expressly provide that the parties shall be disinterested, and therefore are not in point, while others, we think, are clearly distinguishable from the case before us. It is true that there is some conflict of authority upon this question, but if the question were new in this state we would have no hesitation in holding that the ownership of land by the commissioners within the drainage district would not constitute such an interest as would disqualify them from acting as commissioners. *Scott v. People,* 120 Ill. 129, 11 N. E. 408; *People ex rel. Samuel v. Cooper,* 139 Ill. 461, 29 N. E. 872. We shall not, however, endeavor to review the authorities, because we regard the law settled in this state to the effect that in all cases similar to the one

before us, where commissioners or boards act in a ministerial, administrative, or *quasi*-judicial capacity, pecuniary interest, such as appears in this case, does not disqualify them, unless expressly so provided by statute.   The late cases of *State ex rel. Starkweather v. Superior*, 90 Wis. 612, 64 N. W. 304, and *State ex rel. Cook v. Houser*, 122 Wis. 534, 100 N. W. 964, contain very elaborate discussions 'of the principles which govern the question under consideration here.   We think the reasoning in these cases is decisive of the question before us, and deem further discussion unnecessary.

We have not referred to all the points made or authorities cited in the able argument of the attorneys for appellant, but may say in passing that all points raised and authorities cited by them have received careful consideration.

We hold that the commissioners were competent, and therefore the order appealed from must be affirmed.

*By the Court.*—It is so ordered.

CASSODAY, C. J., took no part.