LESS LAND COMPANY *v.* FENDER.

Opinion delivered February 1, 1915.

1. DRAINAGE DISTRICTS—FORMATION—DUE PROCESS OF LAW.—Act 279 of the Acts of 1909 as amended by Act 221 of the Acts of 1911, providing for formation of drainage districts, and for the assessment

of benefits by commissioners after notice and a hearing, does not deprive the owners of their property without due process of law, nor deny them the equal protection of the law.

2. DRAINAGE DISTRICTS—FORMATION.—Act 279, Acts 1909, as amended by Act 221, Acts 1911, providing for the formation of drainage improvement districts is not in conflict with Act 2, § 23, of the Constitution of 1874, which provides that the Legislature is without power to authorize the assessment of lands for the construction of drains and ditches unless the improvement will be conducive to the public health, convenience or welfare.

3. DRAINAGE DISTRICTS—FORMATION—BOND.—When a drainage district is formed under Act 279, Acts 1909, as amended by Act 221, Acts 1911, a bond for preliminary expenses signed by fifteen of the petitioners who were able to discharge its obligation, is valid without other sureties.

4. DRAINAGE DISTRICTS—FORMATION—QUALIFICATIONS OF COMMISSIONERS.—Act 279, Acts 1909, as amended by Act 221, Acts 1911, provides that the commissioners shall be owners of real property within the county, and the fact of their ownership of lands within the district does not disqualify them to act as commissioners.

5. DRAINAGE DISTRICTS—BOUNDARIES—OBJECTIONS.—It is too late on appeal, to question the boundary lines of a drainage district, no objection having been made thereto at the time of its formation, nor an appeal taken from the order establishing it, within the time provided by the act for appeal.

6. APPEAL AND ERROR—SUFFICIENCY OF TESTIMONY.—When it is contended on appeal that the evidence is insufficient to support the judgment of the circuit court, the question on appeal is not upon the weight of the evidence, but only whether it is sufficient to support the judgment of that court.

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; affirmed.

STATEMENT BY THE COURT.

The petition asked for the establishment of the drainage district to include the territory designated, situated in Lawrence and Randolph counties, that an engineer be appointed to make the survey and report to the county court. This petition was signed by D. W. Fender, T. Z. James, D. W. Johnson and fourteen others, and the bond to pay the expenses of the survey of the drainage district petitioned for, in case it was not formed was signed by the said parties and eleven of the other signers of the petition.

August 8 was fixed for the date of the final hearing of the petition and notice duly published. On July 23 the surveyor filed the preliminary report. On August 8 the matter was heard and the court found that the petition asking the establishment of the district was signed by a majority in number, in acreage and value, of owners of real estate in the proposed district and found the establishment of said district would be for the best interest of all the property owners therein and made an order establishing it, by virtue of Act 279 of the Acts of 1909, as amended by Act 221 of the Acts of 1911.

The court also appointed the said D. W. Fender, D. W. Johnson and T. Z. James, three of the petitioners for the district, commissioners thereof.

The assessments were made and filed in the clerk's office of Randolph County and notice of the time to file remonstrance was duly given in both counties, July 20, 1914, being the date fixed for the hearing thereof. On that day the Less Land Company, a corporation, and other owners of lands in the proposed district, filed exceptions, asking that the entire proceedings be declared void, because no bond was filed, as required by law, before the appointment of the surveyor; that the appointment of three of the petitioners of the proposed drainage ditch as assessors was contrary to law; that the assessments were inequitable, unjust and discriminatory and that the lands belonging to the remonstrants were assessed at a higher rate than lands of like value belonging to the assessors, and that lands were erroneously and arbitrarily assessed that were not benefited.

The court upon the final hearing adjudged the assessment of a forty-acre tract of land in Randolph County, belonging to John L. Ford, unreasonable, and lowered and fixed it at $50, approved and confirmed the assessments upon all the other real estate within the district and ordered the tax levied to pay same. The remonstrants excepted to this judgment, filed a motion for a new trial which was overruled, and prayed and were granted an appeal.

It is conceded that the bond for the payment of the expenses of the preliminary survey was a good bond in the sense that the signers thereof were solvent and worth the amount and able to discharge the obligation thereof, but all of them were petitioners for the district. It was likewise conceded that the persons appointed assessors by the court were three of the principal petitioners for the improvement.

It appears from the testimony that the ditch proposed would drain a certain lake Tupelo and benefit the lands assessed for the improvement in the amount assessed against them, the principal contention of appellants being that the lands below Fender's gin were assessed unreasonably high and in fact arbitrarily, that the amount of the assessment levied against these lands for the construction of the ditch or drainage canal below this point was $6,637.50, and that some of the witnesses were of opinion that a ditch could be constructed from this point south that would drain Tupelo Lake effectively for $900. The object and purpose of establishing the district was to drain Tupelo Lake, situated north of the Fender gin.

A good deal of testimony was introduced, and although some of the witnesses testified that a ditch could be constructed below the gin for $900, others thought that a ditch that could be constructed for such an amount would be entirely inadequate and that the amount assessed against the lands benefited through its construction, would be required to build it.

Several witnesses testified that the different tracts of land belonging to the remonstrants, against which assessments were made, would be benefited in the amount of the assessments levied, except the particular forty acres the assessment of which was lowered by the court.

*W. E. Beloate,* for appellant.

1. All the proceedings are contrary to the law. Acts 1911, Act 221; Acts 1909, Act 279. These acts are unconstitutional. Const. U. S., 14th Amend., and § 23, art. 2.

Const. Ark.; 58 L. R. A. 353, and note; 163 N. Y. 133; 49 L. R. A. 781, note; 93 Ark. 335; 64 *Id.* 555; *Ib.* 108. Must be for public welfare, roads or utilities. 199 U. S. 472; 72 N. Y. 1; 2 Farnham on Waters, 951; 49 L. R. A. 781; 13 Am. 655; 16 L. R. A. (N. S.) 292; 25 A. & E. Enc. (2 ed.) 1199; 58 L. R. A. 367, 371, note; 101 Ark. 29.

2. A cost bond presupposes a surety. A "good bond" means that the surety be financially sound. 4 Words & Phr. 3112.

*T. W. Campbell,* for appellees.

1. The appeal should be dismissed because the appeal was not perfected within twenty days. Acts 1909, p. 743.

2. Local assessments are not *taxes* and the acts are not unconstitutional. Art. 2, § 23, Const. Ark.; 14 Am. Const. U. S.; 59 Ark. 513; 64 *Id.* 55.

3. Commissioners are not disqualified because they own lands within the district. 120 Ill. 129; 14 Cyc. 1027. Where objections are not made in time they are waived. 25 Cyc. 203.

4. The bond is ample. 132 Ind. 496.

5. The finding of the court is conclusive. 104 Ark. 154; 80 *Id.* 249; 90 *Id.* 512; 92 *Id.* 41; 100 Ark. 166.

6. The omission of a judge to sign an order or record does not invalidate. 9 Ark. 375.

KIRBY, J., (after stating the facts). It is first contended that the acts authorizing the establishment of the drainage district and the assessment of the property therein upon a petition therefor signed by a majority either in number, acreage or value of the owners of land within the proposed district and without such majority, if in the opinion of the court the establishment thereof will be to the advantage of the owners of real property therein are unconstitutional and in conflict with the Fourteenth Amendment to the Constitution of the United States and section 23, article 2 of the Constitution of Arkansas, the Legislature being without power to authorize the assess-

ment of lands for the construction of drains and ditches unless the improvement will be conducive to the public health, convenience or welfare. Under the prior general law for the construction of drains and ditches, sections 1414-1450, Kirby's Digest, no authority is conferred to establish a district for the construction of public drains and ditches unless the improvement be found conducive to the public health, convenience or welfare "or will be of public utility or benefit," while the said acts of the Legislature, under which the district herein was organized provide for their establishment, when the majority in number, acreage or value of the land owners therein petition therefor or upon a petition without such majority if the court finds "that the establishment thereof will be to the advantage of the owners of real property therein."

These acts have twice been considered by this court without passing upon this question. *Burton* v. *Chicago Mill & Lbr. Co.,* 106 Ark. 296; *Grassy Slough Drainage Dist.* v. *National Box Co.,* 111 Ark. 144.

In the latter case the court held the act constitutional relative to the provisions authorizing the establishment of such districts by original proceedings in the circuit court. The Legislature has authority to exercise the power of the State, under the restrictions and limitations of the Constitutions of the State and Nation, and there is no provision of our State Constitution prohibiting its exercise of power to authorize the assessment of benefits against lands for the expense of drainage for the improvement of the lands of a particular district or locality for the common benefit and general advantage of all the owners thereof.

Laws requiring the drainage of wet, marshy and swampy lands within particular localities at the expense of the owners thereof in proportion to the benefits derived therefrom to each particular tract of land assessed have been generally made and upheld. In *Fallbrook Irr. Dist.* v. *Bradley,* 164 U. S. 112, 17 S. Ct. 56, 41 L. Ed. 369, the court said: "The power does not rest simply upon the ground that the reclamation must be necessary for

the public health, that indeed is one ground for interposition by the statutes, but not the only one.   Statutes authorizing drainage of swamp lands have frequently been upheld independently of any effect upon the public health as reasonable regulations for the general advantage of those who are treated for this purpose as owners of a common property. *Head* v. *Amoskeag Mfg. Co.*, 113 U. S. 9, 28 L. Ed. 889; *Wurts* v. *Hoagland*, 114 U. S. 606; Cooley on Taxation (2 ed.) 617.   If it be essential or material for the prosperity of the community, and if the improvement be one in which all the land owners have to a certain extent a common interest, and the improvement can not be accomplished without the concurrence of all or nearly all of such owners by reason of the peculiar natural condition of the tract sought to be reclaimed, then such reclamation may be made and the land rendered useful to all and at their joint expense.   In such case the absolute right of each individual owner of land must yield to a certain extent or be modified by corresponding rights on the part of other owners for what is declared upon the whole to be for the public benefit.''

(1)   The statute provides for the assessment of benefits by commissioners after notice and a hearing, and does not deprive the owners of their property without due process of law nor deny them the equal protection of the law. *Wurts* v. *Hoagland* 114 U. S. 606, 29 L. Ed. 229; *Hagar* v. *Reclamation Dist.*, 108, 111 U. S. 701; *Davidson* v. *New Orleans,* 96 U. S. 97.

(2)   Neither are they in conflict with said section 23 of article 2 to our Constitution of Arkansas of 1874. *Carson* v. *St. Francis Levee Dist.*, 59 Ark. 513; *Cribbs* v. *Benedict,* 64 Ark. 555.

The individual is not deprived of his property nor taxed for the benefit of other land owners, but only required to pay the assessment against it of the benefits accruing to his own lands by reason of the construction of the improvement for the common interest or advantage of all land owners of the district.

(3)  It is next contended that the district is invalid because no bond was given as required by law to pay the expenses of the preliminary survey, in case the district was not established and because the commissioners were appointed from those petitioning for the district and owning lands therein.  The bond was signed by the three petitioners afterward appointed commissioners and assessors and eleven others of the petitioners and was a good bond and solvent, so far as the ability of the signers to discharge and pay the obligation of the bond is concerned. It is true that the term "bond" usually implies that there shall be sureties, who are also financially sound, but the statute here only requires "a good bond" and the fact that it was signed by fifteen of the petitioners, who were amply financially able to discharge its obligation, without others as sureties, did not render it invalid. The obligation of the bond in any event was but to pay the expenses of the preliminary survey of the drainage district, in case it was not established, and, the same having been established, the technical objection to the bond is without weight against the validity thereof. *Sample* v. *Carroll,* 132 Ind. 496.

(4)  The statute only provides that the commissioners shall be owners of real property within the county, and the fact of their ownership of lands within the district does not disqualify them to act as commissioners. *Scott* v. *People,* 120 Ill. 129; 14 Cyc. 1027; *State* v. *Fisk,* 107 N. W. 193; *In re Cranberry Creek Drainage Dist.,* 128 Wis. 98, 107 N. W. 25; *McKusick* v. *Stillwater,* 44 Minn. 372, 46 N. W. 769; *Bowker* v. *Wright,* 54 N. J. L. 130, 23 Atl. 116; *State* v. *Rutherford,* 55 N. J. L. 441, 27 Atl. 172, S. C. 56 N. J. L. 340, 29 Atl. 156.

(5)  It is too late now to question the boundary lines of the district, no objection thereto having been made at the time of its formation, nor appeal taken from the order establishing it, within the time provided by the act for appeal. Sections 1, 2 and 3, Act 221 of the Acts of 1911; *Church* v. *Gallic,* 76 Ark. 423.  The objection not having

been made at the proper time, nor the order appealed from, it must be considered waived.  25 Cyc. 203.

(6)   The last contention is that the preponderance of the testimony is against the amount of benefits assessed against certain of the lands by the commissioners and the circuit court having passed upon this matter, the question here upon appeal is not upon the weight of the evidence, but only whether it is sufficient to support the judgment of that court, and we are of the opinion that there is competent testimony of a substantial nature, sufficient to base the findings upon relative to the amount of benefits fixed.  *St. Louis & S. F. Ry. Co.* v. *Fort Smith & Van Buren Bridge Dist.*, 168 S. W. 1066, 113 Ark. 493.

Neither is there merit in the objection that the record of the order of court establishing the district was not signed by the circuit judge. *Ex parte Slocomb*, 9 Ark. 375.

Finding no prejudicial error in the record, the judgment is affirmed.

  *    *    *    *    *    *    *    *    *

Justices Hart and Smith dissent for the reason that, in their opinion, the evidence shows the assessments complained of were made arbitrarily and without reference to the benefits derived from the improvement.