**REGIE de L'ASSURANCE AUTOMOBILE du QUEBEC, individually and as Trustee for the Heirs of Marguerite Grapes, Decedent, Respondent,**

v.

**Lauritz JENSEN, Appellant.**

No. C2–86–336.

Court of Appeals of Minnesota.

June 24, 1986.

J.P. Dosland, Duane A. Lillehaug, Moorhead, for respondent.

Steven L. Marquart, Steven Cahill, Moorhead, for appellant.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

Lauritz Jensen appeals the trial court's judgment in favor of the Regie de l'assurance Automobile du Quebec. We affirm.

## FACTS

On June 19, 1979, a collision occurred between vehicles operated by appellant Lauritz Jensen and Douglas Grapes on Minnesota Highway No. 11 in Kittson County. Marguerite Grapes, the spouse of Douglas Grapes, died from injuries sustained in that collision.

The Regie de l'assurance Automobile du Quebec (respondent) (hereinafter the Regie) is a government agency established under the laws of Quebec. It administers an automobile insurance plan applicable to every Quebec citizen sustaining injury or damage from car accidents, whether or not the accident occurs within the Province of Quebec.

Under Quebec's Automobile Insurance Act, the Regie paid benefits to Douglas Grapes as a result of his wife's death. The heirs and next-of-kin have assigned their claims against appellant to the Regie.

In May of 1982, the Regie sued appellant for subrogation for benefits paid to Douglas Grapes.

Appellant moved for judgment on the pleadings or for summary judgment in December 1982. The trial court denied this motion, but encouraged the Regie to have a trustee appointed in order to seek recovery under the Minnesota wrongful death statute, Minn.Stat. § 573.02, subd. 1 (1984). Despite objection by appellant, the Regie was appointed trustee. Respondent amended its complaint to add a Minn.Stat. § 573.02 wrongful death claim in September, 1984.

Appellant then brought a second motion for judgment on the pleadings or for summary judgment. He claimed that the wrongful death claim should be dismissed upon any of the following grounds: 1) because the assignments to the Regie were invalid; 2) because the Regie was not a

competent trustee; 3) because subrogation of the wrongful death claim was barred by the Minnesota no-fault act. The trial court denied this motion.

The stipulated damages were $69,132.65. The trial court ordered judgment for the Regie in this amount. Jensen appeals.

## ISSUES

1. Was the Regie prohibited by the Minnesota No-fault Act from bringing a subrogation action?

2. Does the statute of limitations bar the Regie from bringing this action?

3. Does the Regie have standing to bring a wrongful death action under Minn. Stat. § 573.02?

## ANALYSIS

■ 1. Appellant argues that the trial court erred in allowing subrogation, since the no-fault act prohibits subrogation in such circumstances.

The no-fault act specifically limits when an insurer may subrogate. According to Minn.Stat. § 65B.53, subds. 2, 3 (1984), a reparation obligor paying basic economic loss benefits is subrogated to a claim based on an intentional tort, strict or statutory liability or negligence other than negligence in the maintenance, use, or operation of a motor vehicle. The right of subrogation exists only to the extent that basic economic loss benefits are paid or payable and only to the extent that recovery on the claim absent subrogation would produce a duplication of benefits. Minn.Stat. § 65B.53, subd. 2.

Not only is the right of subrogation strictly limited, the right to offset is also narrowly defined. See Minn.Stat. § 65B.51 (1984). This is to effect the purpose of the no-fault act to reduce litigation relating to automobile accidents. The right to receive basic economic loss benefits without regard to fault is the quid pro quo for the limitation of the right to recover general damages in tort. See M. Steenson, *Minnesota No-Fault Automobile Insurance*, 23 (1982).

The question is whether these no-fault act limitations upon subrogation apply to the Regie. The Minnesota Supreme Court has not yet addressed the question of whether the no-fault act applies to a governmental entity such as the Regie. In holding that the Minnesota no-fault act applied to a California insurer licensed to do business in Minnesota, the court stated:

> We are not confronted with the problem of a nonresident operator of a motor vehicle insured by a company not licensed to do business in Minnesota and do not pass on this issue.

*Petty v. Allstate Insurance Co.*, 290 N.W.2d 763, 765, n. 1 (Minn.1980).

This court has held that an Ohio insurer not licensed in Minnesota was not required to subscribe to the no-fault limitations in Minnesota law. *Burgie v. League General Insurance Co.*, 355 N.W.2d 466 (Minn.Ct. App.1984), *pet. for rev. denied* (Minn. Feb. 19, 1985). *See Pavel v. Norseman Motorcycle Club, Inc.*, 362 N.W.2d 5 (Minn.Ct. App.1985). (The no-fault act does not preclude an insurer's subrogation claim for benefits paid due to a motorcycle collision, since motorcycle accidents are specifically excluded by the no-fault act.) Following the guidance of *Burgie*, we hold that the Regie is not bound by the subrogation limitations of the no-fault act.

■ The next question is whether the Regie was entitled to reimbursement under common law subrogation.

The doctrine of subrogation is not a fixed rule of law or of equity. 73 Am.Jur.2d *Subrogation* § 6 (1974). It is broad enough to include every instance in which a person not acting as a mere volunteer pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. The doctrine embraces all cases where, without it, complete justice cannot be done. There is no limit to the circumstances in which the doctrine may be applied. *Id.*

Equitable principles apply to all instances of subrogation except when modified by specific provisions in the contract. The

general rule is that subrogation will be denied prior to full recovery. *Westendorf v. Stasson*, 330 N.W.2d 699, 703 (Minn. 1983) (subrogation denied to health maintenance organization because full recovery had not been achieved). *See Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983).

Here, the Canadian government has no other recovery mechanism. Equity would require allowance of the subrogation action. The trial court did not err in granting judgment to the Regie.

■ 2. Appellant also argues that the wrongful death action under Minn.Stat. 573.02 (1984) is barred by the statute of limitations. Under § 573.02, subd. 1, an action for negligence may be commenced within three years after the date of death. Appellant claims that because the second amended complaint was filed after this three year period, the action is barred by the limitation period.

As respondent points out, Minn.R.Civ.P. 15.03 provides otherwise:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

*Id.*

Commentators have noted:

Rule 15.03 permits relation back of amendments if the amendment arose out of the conduct, transaction or occurrence which is the subject of the pending action. There is no additional requirement for the relation back of amendments between the parties to the action. The court has limited discretion to deny relation back if the requirements of the rule are met. The court should not consider relation back in determining whether to allow an amendment. If the amendment relates to the same conduct, transaction or occurrence, relation back is automatic even if the amendment changes the theory of recovery or asserts an entirely new claim. * * * Relation back to an earlier pleading will occur even if that earlier pleading is defective, permitting correction of a defective pleading or the addition of claims and correction of a defective pleading.

D. Herr & R. Haydock, *Minnesota Practice* § 15.7 (1985).

In *Kanter v. Metropolitan Medical Center*, 384 N.W.2d 914 (Minn.Ct.App.1986), this court allowed amendment to the pleadings under Minn.R.Civ.P. 17.01 after the two year statute of limitations for medical malpractice claims had expired. This court said that permitting relation back to the commencement of the lawsuit did not prejudice the defendants since the same cause of action was pled and the same facts were involved in the amended complaint as in the original. *Id.* at 917. Likewise, relation back in this case did not prejudice appellant.

In *Swenson v. Emerson Electric Co.*, 374 N.W.2d 690 (Minn.1985), *cert denied*, — U.S. ——, 106 S.Ct. 1998, 90 L.Ed.2d —— (May 19, 1986), the supreme court allowed relation back under Rule 15.03 where the amended complaint added a claim for violation of the Consumer Product Safety Act (CPSA). The original complaint clearly notified defendants of the accident and injury and asserted negligent failure to provide reasonable warning of product defect. The supreme court stated that appellants had sufficient notice of the conduct giving rise to the CPSA claim asserted in the amendment.

The amendment to add respondent in a trustee capacity added no new facts, nor did it prejudice appellant. *See Heyn v. Braun*, 239 Minn. 496, 59 N.W.2d 326 (1953) (relation back allowed to add a claim for fair and reasonable value of improvements, where the original complaint was a mechanic's lien for labor and material furnished in installation of an air conditioning unit).

Appellant's argument that Minn.R.Civ.P. 15 conflicts with § 573.02's limitation period is not convincing.

The policy of statutes of limitation is to "compel the exercise of a right of action within a reasonable time so that a de-

fendant will have a fair opportunity to prepare an adequate defense." Note, *Federal Rule of Civil Procedure 15(c): Relation Back of Amendments,* 57 Minn.L.Rev. 83, 84 (1972).

*Swenson,* 374 N.W.2d at 696.

Since there was no prejudice and the amendment arose from the same occurrence recited in the original complaint, the trial court did not err in allowing relation back of the second amended complaint.

■ 3. Appellant also argues that the Regie is not a proper and competent entity to be appointed trustee for the purposes of this action.

Minn.Stat. § 573.02, subd. 3, provides in part:

Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction * * * shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein.

Appellant cites the following language of § 573.02, subd. 1, to support its argument: "The recovery * * * shall be for the exclusive benefit of the surviving spouse and next of kin * * *." Appellant argues that since the recovery benefited the Regie, it is not in keeping with the statute.

However, one may be a "competent" appointee without being disinterested. *In re Cranberry Creek Drainage District,* 128 Wis. 98, 107 N.W. 25 (1906).

Moreover, the appointment of a trustee is within the discretion of the trial court. *See In re Appointment of Trustee for Heirs of Larsen,* 306 Minn. 364, 369, 237 N.W.2d 371, 374–75 (1975).

Since appellant did not cite a specific objection to the competency of the Regie as trustee, and since all parties assigned their interest to the Regie, this selection was within the discretion of the trial court.

### DECISION

We affirm the decision of the trial court.